# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS,<br><br>      Plaintiff,<br><br>vs.<br><br>W.K. MYERS, et al.,<br><br>      Defendants. | 1:12cv00271 DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Andrew Cejas ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on February 24, 2012. He filed a First Amended Complaint ("FAC") on May 31, 2012.[1] Plaintiff names Pleasant Valley State Prison ("PVSP") Warden James Yates, Captain A. Walker, Community Resources Manager W. K. Myers, Chaplain D. McGee, Associate Warden R. Fisher, Associate Warden R. H. Trimbler, Chief of Inmate Appeals D. Foston, Examiner D. Van Leer, Sergeant S. Deathridge and the California Department of Corrections and Rehabilitation ("CDCR") as Defendants.

## A.    LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 13, 2013.

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572

F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS[2]**

Plaintiff states that this is a class action and that he seeks to represent similarly situated individuals who have been, or will be, subject to the practices that have resulted in denial to chapel access for Buddhist services. Plaintiff is incarcerated at PVSP, where the events complained of occurred.

Plaintiff contends that although he is scheduled for religious services twice a week, he is not receiving access to the chapel on a weekly, or even monthly, basis. He further alleges that officials at PVSP are giving special privileges to Muslim inmates, who are allowed to have religious services in the chapel without a state chaplain or religious volunteer.

Plaintiff further alleges that in 2009 and 2011, while he was placed on C-status to serve time for disciplinary actions, he filed administrative grievances because he was not allowed to attend Buddhist services. Other C-status prisoners were allowed to attend Muslim and Jewish holidays.

Plaintiff alleges that he filed a "group appeal" on or about December 20, 2010, regarding years of denial of chapel access for Buddhist services. He explained that Defendant McGee did not "show up" so that Plaintiff could have religious services. Compl. 20. Defendant Myers partially granted the appeal on January 27, 2011, explaining that if there is a state chaplain or religious volunteer present, religious groups may meet at the scheduled time in the facility chapel. If a volunteer or chaplain is not available, inmates may meet in the facility recreation yard.

On April 4, 2011, Defendant Trimbler partially granted the second level appeal.

On July 19, 2011, Defendant Van Leer answered at the final level.

---

[2] Plaintiff references exhibits throughout his First Amended Complaint, but no exhibits are attached.

Plaintiff alleges that Buddhist inmates are not being treated equally because they are not permitted to have services in the chapel without a chaplain or custody officer present. He further alleges that Defendants denied him a reasonable opportunity to attend services indoors, thereby avoiding health risks associated with Valley Fever and extreme temperatures.

Based on these allegations, Plaintiff alleges causes of action against Defendants Yates, Trimbler, Walker, McGee and Myers for violation of the Religious Land Use and Institutionalized Person Act, the First Amendment and the Fourteenth Amendment.

Plaintiff seeks injunctive relief and monetary damages. He states that he seeks punitive damages only against the individual Defendants.

**C.     ANALYSIS**

1.      Class Action Allegations

Plaintiff states that this is a class action. However, Plaintiff is not an attorney and is proceeding without counsel. A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321.

Therefore, this action will be construed as an individual civil suit brought by Plaintiff rather than as a class action.

2.      Defendant CDCR

Plaintiff names CDCR as a Defendant. However, the Eleventh Amendment "'erects a general bar against federal lawsuits brought against the state.'" Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (quoting Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003)). Therefore, Plaintiff may not bring suit against CDCR in federal court because it is a state agency

and is entitled to Eleventh Amendment immunity.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

        3.         Defendants Fisher, Foston and Deathridge

Plaintiff names Associate Warden Fisher, Inmate Appeals Branch Chief Foston and Sergeant Deathridge as Defendants.  He does not, however, assert any facts against these Defendants or include them in the causes of action.

As explained above, to state a claim under section 1983, Plaintiff must allege that deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff must demonstrate that each defendant *personally participated* in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Additionally, there is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his own misconduct.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009).  If Plaintiff wishes to name Defendants in a supervisory role, they can only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, as alleged here, may support a claim, the policy must have been the moving force behind the violation.  Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff has therefore failed to state a claim against Defendants Fisher, Foston and Deathridge because he has failed to allege facts linking them to an alleged constitutional violation.

### 4. Defendants Yates and Walker

Although Plaintiff lists Defendants Yates and Walker as Defendants and includes them in his three causes of action, he does not set forth any facts to link them to alleged constitutional violations. Conclusory, legal conclusions are insufficient to satisfy Plaintiff's burden. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Plaintiff has therefore failed to state a claim against Defendants Yates and Walker.

### 5. Defendants Trimbler, Myers and Van Leer

Plaintiff alleges that Defendant Trimbler partially granted his second level appeal and that Defendant Myers partially granted the initial appeal. He includes both Defendant Trimbler and Myers in his three causes of action. Plaintiff alleges that Defendant Van Leer answered his appeal at the director's level, though he is not specifically named in the causes of action.

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. That circumstance has not been presented here.

Plaintiff's conclusory allegations that Defendants Trimbler, Myers and Van Leer denied his appeals at various levels are insufficient to support a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969. Plaintiff has not set forth facts to demonstrate that they knew of, and failed to prevent, any constitutional violations. Moreover, the policy described by Defendant Myers in reply to Plaintiff's appeal does not appear to be facially invalid.

Accordingly, he fails to state a claim against Defendants Trimbler, Myers and Van Leer.

6.   Defendant McGee

Plaintiff alleges that in his group appeal, he complained that Defendant McGee, a chaplain at PVSP, did not "show up" so as to allow Plaintiff to have regular, scheduled Buddhist services. Compl. 20. This allegation is too vague, however, to sufficiently link Defendant McGee to an alleged constitutional violation. The allegation also fails to satisfy Rule 8, which requires Plaintiff to set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949.

Plaintiff has therefore failed to state a claim against Defendant McGee.

7.   Specific Causes of Action

Plaintiff's allegations against each named Defendant are insufficient to state a claim against them, regardless of the specific causes of action alleged. The Court also notes that Plaintiff's factual allegations are very vague. For example, Plaintiff cites "years of denial of chapel access," along with various legal conclusions. Compl. 20. This does not, however, satisfy Rule 8. The Court will provide Plaintiff with the legal requirements for each alleged cause of action. In amending his complaint, he must set forth *factual* allegations to demonstrate each of the elements listed below.

   a.   *RLUIPA*

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of

7

general applicability, unless the government demonstrates that imposition of the burden on that person–
(1) is in furtherance of a compelling government interest; and
(2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1.  Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs.  Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005).  If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest."  Id. (emphasis in original).  "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs."  Id.

      b.    *First Amendment*

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion."  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348  (1987) (internal quotations and citations omitted).  The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith.  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.

      c.    *Fourteenth Amendment*

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'"  Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam)).  To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials

intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321-22; Shakur, 514 F.3d at 891; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part on other grounds* by Shakur, 514 F.3d at 884-85.

### D. CONCLUSION AND ORDER

Plaintiff's FAC fails to state a claim under section 1983. The Court will provide Plaintiff with one opportunity to file an amended complaint, if he believes in good faith he can cure the deficiency identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). **He must set forth sufficient factual allegations to link each named Defendant to a constitutional violation.**

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to state a claim under section 1983</u>.

IT IS SO ORDERED.

Dated:   **March 11, 2013**          /s/ *Dennis L. Beck*
                              UNITED STATES MAGISTRATE JUDGE