# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS,<br><br>      Plaintiff,<br><br>vs.<br><br>W.K. MYERS, et al.,<br><br>      Defendants. | 1:12cv00271 AWI DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE SUR-REPLY<br>(Document 35)<br><br>ORDER STRIKING PLAINTIFF'S SUR-REPLY<br>(Document 34) |

    Plaintiff Andrew Cejas ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.  This action is proceeding on Plaintiff's First Amended Complaint on the following claims:  (1) violation of the First Amendment against Defendants Yates, Walker, Myers, McGee, Fisher, Trimble, Foston, Van Leer and Pimentel; (2) violation of RLUIPA against Defendants Yates, Walker, Myers, McGee, Fisher, Trimble, Foston, Van Leer and Pimentel; and (2) violation of the Fourteenth Amendment against Defendants Yates, Walker, Myers, McGee, Fisher, Trimble, Foston, Van Leer and Pimentel.

    On March 28, 2014, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff filed his opposition on May 19, 2014, and Defendants filed their reply on March 27, 2014.  The motion is therefore fully briefed and pending before the Court.  Local Rule 230(l).

On June 10, 2014, Plaintiff filed objections to Defendants' evidentiary objections. He also filed a document entitled, "Petitioner's Objection to Respondent's Reply in Support of his Motion to Dismiss." ECF No. 34.

On June 20, 2014, Defendants filed a motion to strike his "Objection to Respondent's Reply in Support of his Motion to Dismiss." Plaintiff opposed the motion on July 16, 2014, and Defendants filed a reply on July 23, 2014. The motion is submitted pursuant to Local Rule 230(l).

Parties do not have the right to file sur-replies and motions are deemed submitted when the time to reply has expired. Local Rule 230(l). The Court generally views motions for leave to file a sur-reply with disfavor. Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a sur-reply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable sur-reply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this instance, Plaintiff's sur-reply was not authorized by the Court and only serves to repeat arguments made in his opposition. Plaintiff characterizes his filing as a reply to an answer under Federal Rule of Civil Procedure 7(a), but he is incorrect. An "answer" as referred to in Rule 7(a) is a response to a complaint. Defendants have not yet filed an answer and Rule 7(a) is inapplicable.

Moreover, Plaintiff appears to believe that he has the ability to continue briefing his arguments, regardless of whether additional filings are permitted under the Local Rules or the Federal Rules of Civil Procedure. Indeed, on August 8, 2014, Plaintiff filed a "Reply in Support of Plaintiff's Answer and Objections." ECF No. 40. This filing necessitated a response by Defendants, who filed an objection on August 8, 2014. Not surprisingly, Plaintiff filed an "Objection to Defendants' Reply Dated August 8, 2014" on August 20, 2014.

Plaintiff appears to believe that he has an unfettered right to reply to Defendants' objections, which he characterizes as unauthorized. However, Defendants' initial objection came after *Plaintiff* filed an unauthorized sur-reply in the first instance. In other words, *Plaintiff's* unauthorized filing began this avalanche of objections. Contrary to Plaintiff's belief, Defendants' filings have not been procedurally improper, but instead have been in response to Plaintiff's unauthorized filings.

In light of Plaintiff's continued disregard for the Local Rules and briefing practice, the Court GRANTS Defendants' motion to strike and STRIKES Plaintiff's June 12, 2014, sur-reply (ECF No. 34). Plaintiff's filings only serve to unnecessarily complicate the litigation and waste the resources of Defendants' counsel and this Court.

**Plaintiff is warned that in the future, any unauthorized filings may result in the imposition of sanctions. While the Court recognizes Plaintiff's pro se status, his status does not excuse him from compliance with the procedural rules of this litigation.**

IT IS SO ORDERED.

Dated: __August 25, 2014__        /s/ *Dennis L. Beck*
                                  UNITED STATES MAGISTRATE JUDGE