# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>W.K. MYERS, et al.,<br><br>　　　　　Defendants. | ) 1:12cv00271 AWI DLB PC<br>)<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) FINDING COGNIZABLE CLAIMS AND<br>) DISMISSING CERTAIN CLAIMS<br>)<br>) THIRTY-DAY OBJECTION DEADLINE<br>)<br>) |

　　　　Plaintiff Andrew Cejas ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on February 24, 2012. He filed a First Amended Complaint on May 31, 2013.

　　　　On May 20, 2013, pursuant to Court order, Plaintiff his Second Amended Complaint ("SAC"). On January 2, 2014, the Court screened the SAC and found that it stated claims under the First Amendment, Fourteenth Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Defendants Pleasant Valley State Prison ("PVSP") Warden James Yates, Captain A. Walker, Religious Resources Manager W. K. Myers, Chaplain D. McGee, Associate Warden R. Fisher, Associate Warden R. H. Trimble, Chief of Inmate Appeals D. Foston and Examiners D. Van Leer and Pimentel.

　　　　On March 28, 2014, Defendants filed a motion to dismiss the SAC.

The Court issued Findings and Recommendations on September 10, 2014, that the motion to dismiss be denied in part and granted in part.  The Court adopted the Findings and Recommendations on November 13, 2014, and ordered Plaintiff to file an amended complaint in accordance with the ruling.

Plaintiff filed his Third Amended Complaint on December 11, 2014.  Pursuant to the ruling on the motion to dismiss, Plaintiff no longer names Yates and Walker as Defendants, and he no longer alleges a RLUIPA claim.

A.     **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at the R.J. Donovan Correctional Facility. The events at issue occurred while Plaintiff was incarcerated at PVSP. Plaintiff explains that he is a sincere practitioner of the Buddhist faith, which requires meditation, chanting and prostration in an indoor space. Prisoners use the chapel space as a "monastery," where they can learn meditation techniques from more advanced prisoners or volunteers. Plaintiff contends that the denial of chapel access from 2009 through 2012 has burdened the practice of his religious faith.

Plaintiff alleges that as of June 2008, PVSP Operations Manual Supplement section 10160 required that master chapel schedules be made to accommodate each religious group. Defendant Myers is responsible for preparing the monthly schedules. Buddhists are afforded chapel time on Mondays and Tuesdays from 1:00 p.m. to 4:00 p.m.

In 2009, Plaintiff was on C-status for 30 days. Defendants Myers, Fisher, Trimble and McGee were responsible for placing restrictions on C-status prisoners, and Plaintiff was not allowed to attend Buddhist services during this time. However, C-status inmates were allowed to

interact with non-C-status inmates, and Plaintiff contends that this demonstrates that there was no security issue.

On August 26, 2009, Plaintiff submitted a group appeal because he was not allowed to attend Buddhist services for 30 days while on C-status. The appeal was never answered.

On December 1, 2010, officers approved a memorandum that allowed unsupervised chapel access for Jewish inmates. He contends that this policy was discriminatory.

On December 20, 2010, Plaintiff filed a group appeal regarding the years of denial of chapel access caused by Defendant McGee not arriving for scheduled services. He contends that Defendant McGee intentionally failed to provide chapel access from 2009 through 2012, which prohibited Plaintiff from practicing his Buddhist faith.

On January 27, 2011, Defendants Myers and Trimble denied the appeal at the first level, stating that if there is no state chaplain or religious volunteer, they can gather on the recreational yard. Plaintiff explains that this is insufficient because of the risks of Valley Fever, as well as dangers faced on the yard when an inmate's eyes are closed.

On April 4, 2011, Defendants Trimble and Myers denied the appeal at the Second Level, stating that Plaintiff was allowed to participate in Buddhist services and that there is a staff member designated to assist Buddhist members.

Defendant Trimble revised section 101060.8 on April 29, 2011, though it still required custody staff to supervise chapel access in the absence of a chaplain or religious volunteer.

On July 19, 2011, Defendants Van Leer and Foston denied the appeal at the Director's Level, stating that PVSP provided Plaintiff with a thorough response.

On August 9, 2011, Plaintiff submitted a group appeal because he was on C status again and was not allowed to attend group religious services. He was on C-status for six months, but was not allowed to attend Buddhist services. He contends that Defendants were motivated by a

4

discriminatory purpose when they selectively enforced the policy, and permitted Jewish and Muslim inmates on C-status to attend their chapel services.

Defendant Trimble denied the appeal at the Second Level, explaining that Plaintiff was permitted to worship during his allotted program time based on his work group/privilege designation.

On December 29, 2011, Defendant Pimentel and Foston denied the appeal at the Third Level by citing section 3201(a) of Title 15 of the California Code of Regulations, which requires that the institution make every reasonable effort to provide for the religious and spiritual welfare of inmates.

Plaintiff contends that Defendants Fisher, Trimble, Foston, Van Leer and Pimentel knew of the violations and were in a position to correct them, but failed to do so.  From 2009 through 2012, Defendants burdened the practice of Plaintiff's sincerely held religious beliefs by preventing chapel access.  During this time, Jewish and Muslim inmates were permitted unsupervised chapel access, as well as C-status chapel access.

On July 2, 2012, officers, including Defendant Fisher, approved a memorandum that allowed unsupervised chapel access for Muslim inmates.

Plaintiff contends that Buddhist inmates were not given unsupervised chapel access, and that Defendants Myers, Fisher, McGee and Trimble selectively enforced the policy.  Defendants also permit secular groups to have unsupervised access to the chapel.

Based on these allegations, Plaintiff alleges violations of the First and Fourteenth Amendments.  He contends that Defendants Myers, McGee, Fisher and Trimble discriminated against Plaintiff on the basis of his religion by selectively enforcing a policy and affording Jewish and Muslims chapel access and more favorable treatment.  Plaintiff alleges that during this time, he was similarly situated to other inmates and there was no rational basis for the difference in treatment.

## C. ANALYSIS

### 1. First Amendment

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.

In the prior Findings and Recommendations, the Court found that Plaintiff had not sufficiently stated a claim because he failed to specifically allege that chapel access is necessary for a "sincerely held" belief that is "rooted in religious belief." Plaintiff has now remedied this deficiency and states a First Amendment claim against Defendants Myers, McGee, Fisher, Trimble, Foston, Van Leer and Pimentel.

### 2. Fourteenth Amendment

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam)).

To prevail on an Equal Protection claim brought under § 1983, Plaintiffs must allege facts plausibly showing that defendants acted with "an intent or purpose to discriminate against [them] based upon membership in a protected class." Hartmann v. CDCR, 707 F.3d 1114, 1123 (9th Cir. 2013).

The prior Findings and Recommendations concluded that Plaintiff failed to state adequate facts to suggest a discriminatory, or impermissible, motive. For example, Plaintiff alleged that Defendants' actions in permitting Jewish and Muslim prisoners to have unsupervised access were intentional, but he did not specifically set forth facts to explain his legal conclusion.

Now, Plaintiff attempts to allege a theory of selective enforcement, i.e., that Defendants selectively enforced a policy to the detriment of Buddhist prisoners. He contends that they acted "intentionally," and with a "discriminatory purpose," but he again fails to support his legal conclusions with facts. This Court is not obligated to accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 556 U.S. at 663. Plaintiff fails to support his claim with facts plausibly showing that Defendants discriminatorily prohibited Buddhists from accessing the chapel, either during C-status or in general.

The Court has provided Plaintiff with these standards and given him an opportunity to amend. He has failed to correct the deficiency, however, and the Court recommends that the equal protection claim be dismissed without leave to amend.

D.      **RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that this action go forward on Plaintiff's First Amendment claim, and that his equal protection claim be DISMISSED WITHOUT LEAVE TO AMEND. It is also RECOMMENDED that Defendants file a responsive pleading within (30) days of the adoption of these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: __**January 27, 2015**__            /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE