# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>W.K. MYERS, et al.,<br><br>　　　　　Defendants. | 1:12cv00271 AWI DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS<br><br>(Doc. 52) |

　　　　Plaintiff Andrew Cejas ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.

　　　　After the Court granted Defendants' motion to dismiss in part, Plaintiff filed his Third Amended Complaint on December 11, 2014.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On January 27, 2015, the Magistrate Judge issued Findings and Recommendations that this action go forward on Plaintiff's First Amendment claim, and that his Fourteenth Amendment claim be dismissed.  The Findings and Recommendations were served on the parties and contained notice that any objections were to be filed within thirty (30) days.  Plaintiff filed objections on February 19, 2015, and Defendants replied to those objections on March 5, 2015. Defendants filed objections on February 26, 2015, and Plaintiff replied to the objections on March 13, 2015.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including the parties' objections and replies, the Court finds that the Findings and Recommendations are supported by the record and proper analysis.

Plaintiff's objections simply disagree with the Magistrate Judge's finding that Plaintiff failed to support his Fourteenth Amendment claim with sufficient facts. Specifically, the Court explained that although Plaintiff alleged that Defendants acted "intentionally," and with a "discriminatory purpose," he failed to support his legal conclusions with facts plausibly showing that Defendants discriminatorily prohibited Buddhists from accessing the chapel. ECF No. 52, at 7.

Indeed, as the Magistrate Judge noted, the Court is not obligated to accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). In his objections, Plaintiff argues that he has shown a discriminatory intent and/or motive through circumstantial evidence. He points to memorandums attached to his Third Amended Complaint, but those memorandums are facially neutral, and simply set forth the prison's procedures for accommodating a Muslim holiday and Jewish Friday Shabbat services. ECF No. 51, at 45-52, 54. While circumstantial evidence may be relied upon in certain circumstances, Plaintiff's evidence does not, in any way, suggest a discriminatory intent.

Defendants object only to the finding of a cognizable claim against Defendants Van Leer, Foston and Pimentel.[1] These Defendants reviewed and denied two of Plaintiff's grievances at the third level of review, and the Court found that Plaintiff stated a claim against them on this basis.

Defendants argue, however, that "formulaic recitations" that Defendants could correct the deficiency are insufficient to state a claim. ECF No. 54, at 1. Defendants are correct that generally, ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Defendants are also

---

[1] Defendants Van Leer, Foston and Pimentel do not work at Pleasant Valley State Prison.

2

correct that in certain circumstances, a claim can be stated against an appeal reviewer who "has the role, resources and responsibility to correct the violations." ECF No. 54, at 3.  Defendants contend that, unlike an Eighth Amendment claim, administrative review of a First Amendment claim does not cause or contribute to the underlying violation.  Rather, to state a First Amendment claim, Plaintiff was required to show that prison officials substantially burdened the practice of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith.

In this regard, Defendants argue that Plaintiff cannot make such a showing against Defendants Van Leer, Foston and Pimentel because he cannot show that they had any knowledge of the alleged violations at the time they occurred, or participated in the alleged violations at Pleasant Valley State Prison.  However, Plaintiff's allegations that Defendants Foston, Van Leer and Pimentel knew of the violations and were in a position to correct them, when considered in light of the fact that Plaintiff has stated a claim for the underlying First Amendment violation, are sufficient to state a claim under the liberal screening rules.  See, e.g., Shabazz v. Giurbino, 2014 WL 4344368, *4 (E.D. Cal. 2014) (recognizing a claim of infringement upon free exercise rights in violation of the First Amendment against defendants whose only role in the violation was allegedly failing to remedy the violation when presented to them in an administrative appeal). At this time, it is premature to determine whether Plaintiff's claims fail as a matter of law.

///

///

///

3

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, dated January 27, 2015, are ADOPTED IN FULL;
2. This action SHALL proceed on the First Amendment claim against Defendants Myers, McGee, Fisher, Trimble, Foston, Van Leer and Pimentel;
3. Plaintiff's Fourteenth Amendment claim is DISMISSED WITHOUT LEAVE TO AMEND; and
4. Defendants SHALL file a responsive pleading within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   April 9, 2015                                   _____
                                                              SENIOR DISTRICT JUDGE