# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS,<br><br>              Plaintiff,<br><br>     v.<br><br>MYERS, et al.,<br><br>              Defendants. | Case No. 1:12-cv-00271-AWI-DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PROVIDE FURTHER RESPONSES TO INTERROGATORIES<br><br>(Document 105) |

Plaintiff Andrew A. Cejas ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint for violation of the First Amendment against numerous Defendants.

On August 24, 2015, Plaintiff filed a motion to compel Defendants to provide further responses to his Second Set of Interrogatories, Numbers 1-21. Defendants Foston, Van Leer and Pimentel opposed the motion on September 10, 2015. Defendants Myers, Trimble, McGee and Fisher opposed the motion on September 14, 2015. Plaintiff did not file a reply and the motion is suitable for decision pursuant to Local Rule 230(l).

///

///

///

1

## A. LEGAL STANDARD

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

## B. DISCOVERY AT ISSUE

Plaintiff has served a Second Set of Interrogatories, Numbers 1-21, on all Defendants. He states that he received their responses on July 8, 2015, and now seeks an order compelling them to provide responses.

At the time Defendants responded, they were all represented by the Attorney General's Office. Now, Defendants Foston, Pimentel and Van Leer of the Office of Appeals in Sacramento are represented by Rivera & Associates. Pleasant Valley State Prison ("PVSP") Defendants Myers, Trimble, McGee and Fisher are now represented by Reily & Jeffery, Inc.

There is no indication that responses were supplemented after new counsel entered this action, and the Court will therefore examine the July 8, 2015, responses to the extent necessary.

The main objection to Plaintiff's Second Set of Interrogatories appears to be his failure to obtain leave of Court prior to serving the additional interrogatories. Plaintiff had already propounded at least twenty-five interrogatories to each Defendant, making those in his Second Set

exceed the number permitted without leave of Court. At least as to Defendant Pimentel, Plaintiff has already propounded forty-one interrogatories in his First Set.

As the Court did with the additional interrogatories propounded on Defendant Pimentel, the Court has reviewed Plaintiff's Second Set.[1] Many of the interrogatories are not likely to lead to the discovery of admissible evidence. For example, interrogatories related to Jewish and Muslim inmates are not relevant as there is no equal protection claim. These interrogatories include Numbers 2, 3, 10, 12, 13, 17 and 18. Similarly, Numbers 5, 6 and 21 relate to Valley Fever exposure, but there is no claim involving Valley Fever. Plaintiff argues that Defendants' knowledge of Valley Fever is relevant because he believes that they allowed unsupervised access to other groups so that the others could avoid exposure to Valley Fever. Contrary to Plaintiff's belief, Defendants' knowledge of Valley Fever is not relevant to his claim that he was denied chapel access.

Therefore, Plaintiff's motion to compel a further response to the above interrogatories is DENIED.

However, there are a few interrogatories that when properly narrowed, may lead to the discovery of admissible evidence.

*Interrogatory Number 1*:

Define the duties and responsibilities of each Defendant.

*Ruling*:

The Court agrees that the interrogatory is overbroad, as Plaintiff's allegations take place between 2009 and 2012. Therefore, the Court narrows the interrogatory to Defendants' duties and responsibilities from 2008 through 2012. All Defendants must provide a response to the narrowed interrogatory. While different Defendants are alleged to have been involved during different periods, requiring all Defendants to provide a response based on the entire 2008-2012 period will not be overly burdensome.

Plaintiff's motion to compel a further response to Number 1 is GRANTED IN PART.

///

///

---

[1] Plaintiff is placed on notice, however, that objections to any additional interrogatories served without leave of Court will be upheld.

*Interrogatory Number 4:*

On January 27, 2011, did Defendants Myers and Fisher, Jr. wanted [sic] Buddhist to gather on the recreational yard? If yes, state the reason. If no, who did and why?

*Ruling:*

Plaintiff contends that this question is related to an appeal response by Defendants Myers and Fisher where they referenced Buddhists gathering on the recreational yard. While this interrogatory appears to seek relevant information, it is not acceptable as written. Therefore, Defendants Myers and Fisher must answer the following question: "On January 27, 2011, did Defendants Myers and Fisher want Buddhists to gather on the recreational yard at PVSP? If yes, why?"

Plaintiff's motion to compel a further response to Number 4 is GRANTED IN PART.

*Interrogatory Number 7:*

From 2009 through 2013, what is defendants D. Foster, D. Van Leer, R. Pimentel policies and procedures correct constitutional violations at a California Prison? Explain.

*Ruling:*

In ruling on Plaintiff's motion to compel filed against Defendant Pimentel, the Court required Defendant Pimentel to explain protocol for dealing with violations relating to an inmate's ability to practice his religion. Interrogatory 7 is similar in nature, and the Court will therefore require Defendants Foston, Van Leer and Pimentel to provide a response to the interrogatory, limited to "prison officials at PVSP" and violations relating to religious services. The Court also limits the time frame to 2009 through 2012.

Plaintiff's motion to compel a further response to Interrogatory Number 7 is GRANTED IN PART.

*Interrogatory Number 8:*

From 2009 through 2013, what is defendants D. Foster, D. Van Leer, R. Pimentel policies and procedures correct violations of California Code of Regulations Title 15? Explain.

///

///

///

*Ruling:*

As with Interrogatory 7, the Court will require Defendants Foston, Van Leer and Pimentel to provide a response to the interrogatory, limited to "prison officials at PVSP" and violations relating to religious services. The Court also limits the time frame to 2009 through 2012.

Plaintiff's motion to compel a further response to Interrogatory Number 8 is GRANTED IN PART.

*Interrogatory Number 9:*

From 2009 through 2013, why did Defendant D. McGee not show up to supervise Buddhist services? Explain.

*Ruling:*

Defendants objected to the interrogatory as overbroad, argumentative and requiring speculation as to Defendants other than McGee. The Court agrees and will order only Defendant McGee to respond to the following" "From 2009 through 2012, did you fail to supervise Buddhist services? If yes, explain." While Defendants argue that even narrowing the time frame to 2009 through 2012 results in an overbroad and burdensome interrogatory, the Court disagrees since this goes to the heart of Plaintiff's claims.

Plaintiff's motion to compel a further response to Interrogatory 9 is GRANTED IN PART.

*Interrogatory Number 11:*

From 2009 through 2013, why did defendants named placed restrictions on chapel access for c-status prisoners? Explain and state the reasons.

*Ruling:*

Defendants objected to the request as vague, overbroad as to time and requiring speculation. The Court agrees. As only those Defendants working at PVSP would have knowledge of restrictions, if any, the Court will order those Defendants to respond to the following narrowed interrogatory: "From 2009 through 2013, were there any restrictions placed on chapel access for c-status prisoners? If yes, explain."

Plaintiff's motion to compel a further response to Interrogatory 11 is GRANTED IN PART.

///

*Interrogatory Number 14:*

From 2009 through 2013, why did Defendants Myers, Fisher, Trimble and McGee did not provide an indoor place of worship? Explain, why and state the reasons.  For Buddhists.

*Ruling:*

Defendants objected to the request as vague, overbroad as to time and requiring speculation. The Court agrees.  Defendants Myers, Fisher, Trimble and McGee are ordered to respond to the following interrogatory:  "From 2009 through 2013, did you provide Buddhists with an indoor place of worship?  Explain."

Plaintiff's motion to compel a further response to Interrogatory 14 is GRANTED IN PART.

*Interrogatory Number 15:*

In 2009, why did defendants Myers, Fisher, Jr., Trimble, McGee not allow c-status prisoners to attend Religious services.  Explain why and state the reasons.

*Ruling:*

Defendants objected to the request as vague, overbroad as to time and requiring speculation. The Court agrees.  Defendants Myers, Fisher, Trimble and McGee are ordered to answer the following interrogatory:  "In 2009, did you allow C-status prisoners to attend religious services? Explain."

Plaintiff's motion to compel a further response to Interrogatory 15 is GRANTED IN PART.

*Interrogatory Number 16:*

In 2009 and 2011, why did defendant McGee take off c-status prisoners from the release roster? Explain why and state the reasons.  If not, who did and why?

*Ruling:*

Defendants objected to the request as vague, overbroad as to time and requiring speculation. Defendants also argue that the request is compound and argumentative.  The Court agrees. However, even after examining Plaintiff's argument in support of his motion, the subject matter of this interrogatory is not clear and the Court cannot determine whether the request seeks relevant information.  Plaintiff mentions policies and shifting of responsibilities in his argument, but this does not clarify the question sufficiently for analysis.

6

Plaintiff's motion to compel a further response to Interrogatory 16 is DENIED WITHOUT PREJUDICE.  Plaintiff may submit a rephrased interrogatory to the Court within ten days of the date of service of this order.

*Interrogatory Number 19:*

In 2011, why did defendants Myers, Fisher, Jr., Trimble, McGee did not allow plaintiff while on c-status to attend Buddhist services?  Explain why and state the reasons.

*Ruling:*

Defendants objected to the request as vague, overbroad as to time and requiring speculation.  The Court agrees.  Defendants Myers, Fisher, Trimble and McGee are ordered to answer the following interrogatory: "In 2011, did you allow C-status prisoners to attend religious services? Explain."

Plaintiff's motion to compel a further response to Interrogatory 19 is GRANTED IN PART.

*Interrogatory Number 20:*

From 2009 through 2013, why did defendants Myers and Fisher, Jr., did not offer any other accommodations except recreational yard in the event of no state chaplain or Religious Volunteer.  Why, state the reasons.

*Ruling:*

Defendants objected to this interrogatory for numerous reasons.  In his motion, Plaintiff references Defendant Myer and Fisher's January 27, 2011, response to his appeal.  It appears that he wants to know why they did not offer alternatives other than using the recreational yard.  However, given that Plaintiff is in a prison setting, it is unclear what other alternatives could be offered, and the Court will not require Defendants to speculate.

Plaintiff's motion to compel a further response to Number 20 is DENIED WITHOUT PREJUDICE.  Plaintiff may submit a rephrased interrogatory to the Court within ten days of the date of service of this order.

///
////
///
///

**ORDER**

Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART as explained above. Defendants SHALL provide supplemental responses within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:  **October 5, 2015**                    /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE