# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS, | Case No. 1:12-cv-00271-AWI-DLB PC |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANT PIMENTEL TO PROVIDE FURTHER RESPONSES TO INTERROGATORIES |
| v. | |
| MYERS, et al., | (Document 104) |
| Defendants. | |

Plaintiff Andrew A. Cejas ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint for violation of the First Amendment against numerous Defendants.

On August 20, 2015, Plaintiff filed a motion to compel Defendant Pimentel to provide further responses to his First Set of Interrogatories, Numbers 10, 11 and 25-41. Defendant Pimentel opposed the motion on September 10, 2015. Plaintiff did not file a reply and the motion is suitable for decision pursuant to Local Rule 230(l).

## A.   <u>LEGAL STANDARD</u>

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are

1

1  obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P.

2  33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v.*

3  *Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).  The responding party shall use common sense and

4  reason.  *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D.

5  Kan. Apr. 30, 2008).  A responding party is not generally required to conduct extensive research in

6  order to answer an interrogatory, but a reasonable effort to respond must be made.  *Gorrell v.*

7  *Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH,

8  2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party has a duty to

9  supplement any responses if the information sought is later obtained or the response provided needs

10  correction.  Fed. R. Civ. P. 26(e)(1)(A).

11  **B.**    **DISCOVERY AT ISSUE**

12      *Interrogatory Number 10*:

13

14      Identify any and all documents relating to any complaint, settlement, grievance,
    appeal, criticism, censure, reprimand or rebuke directed toward PVSP Warden, Associate
    Wardens, Officers, Religious Resource Manager Wendy K. Myers, Chaplain D. McGee,
    Associated Warden R. Fisher Jr., Associate Warden R.H. Trimble, chief of Inmate Appeals
    D. Foston, Examiner D. Van Leer, Examiner Pimentel prior to or subsequent to the
    Constitutional violations giving rise to this proceeding from 2008-2013.

17      *Response*:

18

19      Defendant objects to this interrogatory on the grounds that it seeks protected
    personnel information, that is both confidential and privileged under the official information
    and federal common law privileges and confidentiality of personnel records of defendants.
    *Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1991).  Responsive documents, if any
    exist, are also protected from disclosure by the California Constitution and statutes such as
    penal Code sections 832.7 and 832.8; Government Code section 6254; Civil Code sections
    1798.24 and 1798.40; Evidence Code sections 1043 and 1045.  Defendant further objects on
    the grounds that this information is protected from disclosure by regulation, including but not
    limited to, California Code of Regulations title 15 sections 3084.9; 3400; 3450 and 3321 and
    the CDCR DOM section 54100.25.2.

25      Defendant also objects that this interrogatory is overly broad and unduly burdensome
    in seeking "any and all documents relating to any complaint, settlement agreement,
    grievance, appeal criticism, censure, reprimand or rebuke. . .prior to or subsequent to the
    Constitutional violations giving rise to this proceeding from 2008-2013.  This interrogatory is
    essentially seeking Defendants' personnel records for an unlimited amount of time "prior" to
    2008.  Moreover, Defendant objects that this interrogatory assumes disputed facts regarding
    "constitutional violations" giving rise to this case and is vague and ambiguous and Defendant

is uncertain what information Plaintiff is seeking and its relevance to any claims or defenses in this lawsuit.  Subject to and without waiving the foregoing objections, Defendant responds that he has not been disciplined by the California Department of Corrections and Rehabilitation for misconduct.  Defendant does not have access to personnel information of the other Defendants in this action.

*Ruling*:

As an initial matter, the Court notes that Defendant Pimentel was named as a Defendant solely for his role in denying Plaintiff's group appeal at the Third Level on December 19, 2011.  The group appeal alleged that Plaintiff was not permitted to attend religious group services during the time he was on C-status.  Defendant Pimentel, therefore, was an appeals examiner at CDCR's Office of Appeals in Sacramento, and did not work at Pleasant Valley State Prison ("PVSP") at time during the relevant period.

Turning to the interrogatory at issue, Plaintiff argues that he is seeking public information and personnel records because they are "relevant to Defendants and as defense for trial" and/or "relevant to this case as defense from Defendants at trial."  ECF No. 104, at 2-3.  Specifically, Plaintiff contends that information related to Defendants' "character and their duty" can be used against them at trial.  EFC No. 104, at 3.  Plaintiff also believes that the request is not overly broad because it is specific to a time and records relevant to this case.

First and foremost, Defendant Pimentel would not have access to other Defendants' records, whether public or private in nature, and he has no duty to obtain such information from the other Defendants.

Second, Plaintiff simply states that the information requested is relevant to Defendants and defenses at trial, yet he does not specify why such information is relevant to his claims or defenses.  At least as to Defendant Pimentel, the issue is whether he knew of a violation and failed to correct it, and it is unclear how unrelated actions against him, if any, would be relevant to this issue.

To the extent that Plaintiff argues that this evidence can be used to attack the character of Defendants during trial, such a use is improper.  Fed. R. Evid. 404.

In any event and despite his objections, Defendant Pimentel provided a substantive response- he indicates that he has not been disciplined by CDCR.

3

Plaintiff's motion to compel a further response to Interrogatory Number 10 is DENIED.

*Interrogatory Number 11:*

Identify any and all documents relating to inmates that were on C-status from 2009-2013.

*Response:*

Defendant objects to this interrogatory on the grounds that it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. Proc. 26(b)(1). Defendant also objects to this interrogatory to the extent Plaintiff is seeking information regarding other inmates. Such information is confidential and its disclosure would violate other inmates' right to privacy, and its disclosure could jeopardize the safety and security of other inmates, staff, and CDCR institutions and will not be provided. Cal. Code Regs. Tit. 15, § 3321. Subject to and without waiving the foregoing objections, documents generally relating to c-status of inmates are as follows: California Code of Regulations, Title 15, section 3044 (2009-20113).

As a further response, Defendant refers Plaintiff to his Central File, which contains documents pertaining to Plaintiff's discipline and classification, and the following documents previously produced to Plaintiff with defendants' Initial Disclosure: CDCR Pleasant Valley State Prison Supplement to Department Operations Manual sections 101060.1-101060.11, April 2011 and June 2008, Bates No. CDCR 00573-00611; and Documents pertaining to Plaintiff's c-status and classification from 2009 through 2012 (Bates No. CDCR 00419- 00533; CDCR 00570-00571).

*Ruling:*

Plaintiff argues that this information is relevant because it could lead to the names of Muslim inmates who were allowed to go to services while on C-status. He also believes that the request is specific insofar as it is limited to C-status inmates during a specific time period.

Plaintiff's request is not reasonably calculated to lead to the discovery of admissible evidence. This action has nothing to do with other inmates' access to religious services, especially given that Plaintiff's equal protection claim was dismissed for failure to state a claim. The request is also overbroad, as it asks for "all documents" relating to all inmates on C-status for a four-year period. Finally, as Defendant points out, CDCR regulations do not permit inmates to possess records of other inmates.

Plaintiff's motion to compel a further response to Interrogatory Number 11 is DENIED.

///

///

///

4

*Interrogatory Number 25:*

2009-2012 why were muslin [sic] inmates allowed to have unsupervised religious Services in the chapel?  But not other religious groups?

*Response:*

Defendant objects to this interrogatory as vague and ambiguous as to the term "muslin" and "unsupervised religious services in the chapel."  In addition, this interrogatory is vague as to time and place, assumes disputed facts, and is argumentative.  Subject to and without waiving these objections, Defendant responds that he has no specific knowledge of Muslim inmates being allowed to have unsupervised in any area of a CDCR institution, and that PVSP DOM Supplement sections 101060.8 provides that inmates would have access to the chapel when a state chaplain, other staff, or religious volunteer is present.

*Ruling:*

In his motion, Plaintiff does not explain why this information is relevant to his claim against Defendant Pimentel, nor does he explain why he finds Defendant Pimentel's substantive response to be insufficient.

In any event, Plaintiff must remember that Defendant Pimentel is an appeals examiner in Sacramento.  He does not work at PVSP and cannot generally be charged with knowledge outside of the facts of Plaintiff's complaint.  Again, Plaintiff's complaint does not assert an equal protection claim, making the activity of Muslim inmates irrelevant.

Nonetheless, Defendant Pimentel indicated that he has no specific knowledge of Muslim inmates being permitted unsupervised visits in any area of a CDCR institution.  Plaintiff may not like his answer, but it does not mean that the response is insufficient.

Plaintiff's motion to compel a further response to Interrogatory Number 25 is DENIED.

*Interrogatories Numbers 26-41:*

For Interrogatories 26-41, Plaintiff did not obtain leave of Court prior to serving the additional interrogatories, as required by Federal Rule of Civil Procedure 33(a)(1), and Defendant correctly objects on that basis.

As Plaintiff is a pro se litigant, however, the Court has reviewed the sixteen additional interrogatories, as well as Defendant's substantive objections.  The majority of additional interrogatories are irrelevant, argumentative, vague, duplicative of other interrogatories, require

1   speculation and/or request information that Defendant Pimentel would not likely have access to.  For

2   example, Number 26 asks why Yates and Walker, who are no longer Defendants in this action,

3   "created policies to not allow C-status prisoners to attend religious services," Number 30 asks "why

4   were special benefits made for members of the muslin [sic] faith by providing unsupervised chapel

5   access," and Number 39 asks why A-Yard prisoners were allowed to practice for singing and

6   dancing contests for weeks in the chapel, without supervision, from 2009-2012.   ECF No. 106, at 4-

7   5, 7.

8        Similarly, other interrogatories improperly require Defendant Pimentel to speculate as to the

9   actions and/or motivations of other Defendants.  For example, Numbers 27, 34 and 35 ask Defendant

10   Pimentel why prison officials failed to answer Plaintiff's appeals in 2009, why Defendants provided

11   officers for Muslim Ramadan, and why they did not provide officers for other religious services

12   when chaplains were not available.

13        Number 28 asks Defendant Pimentel to state how many months Plaintiff was on C-status in

14   2009, and whether he had any incidents during that time period.  Such information is equally

15   available to Plaintiff, and he should know how long he was on C-status in 2009, and whether he was

16   involved in any "incidents" during that time.

17        Numbers 36 and 37 are not proper interrogatories, as they do not request facts or information.

18        There are, however, a few interrogatories that are arguably relevant and would likely be

19   within the realm of Defendant Pimentel's personal knowledge.  Numbers 31, 32 and 33, while

20   somewhat duplicative, seek to discover protocol for dealing with "prison officials" who violate

21   CDCR policy and/or impose unconstitutional policies.  However, in the current state, the requests

22   are vague and require speculation.  The Court agrees that the requests can be narrowed, and therefore

23   the Court will limit the interrogatories to "prison officials at PVSP" and violations relating to the

24   denial of an inmate's ability to practice his religion.

25        Plaintiff's motion to compel a further response to Interrogatories 26-30 and 34-41 is

26   DENIED.  Plaintiff's motion to compel a further response to Interrogatories 31, 32 and 33 is

27   GRANTED as narrowed.

28

**<u>ORDER</u>**

Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART.  Defendant Pimentel SHALL provide supplemental responses within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **October 5, 2015**                          /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE