# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS,<br><br>         Plaintiff,<br><br>    v.<br><br>MYERS, et al.,<br><br>         Defendants. | Case No. 1:12-cv-00271-AWI-DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANT MYERS TO PROVIDE FURTHER RESPONSES TO INTERROGATORIES<br><br>(Document 110) |

Plaintiff Andrew A. Cejas ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint for violation of the First Amendment against numerous Defendants.

On September 22, 2015, Plaintiff filed a motion to compel Defendant Myers to provide further responses to his First Set of Interrogatories, Numbers 7, 10, 11 and 27-41. Defendant Myers opposed the motion on October 13, 2015. Plaintiff filed his reply on October 27, 2015, and the motion is suitable for decision pursuant to Local Rule 230(l).

**A.    LEGAL STANDARD**

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are

1

obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).  The responding party shall use common sense and reason.  *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

**B.      DISCOVERY AT ISSUE**

*Interrogatory Number 7*:

Identify any and all documents relating to reasons for locking up the chapel clerks in the chapel without any supervision from 2009-2012.

*Response*:

Defendant objects to this interrogatory on the grounds that it is vague and ambiguous as to the phrase "reasons for locking up the chapel clerks in the chapel without any supervision from 2009-2012" and assumes disputed facts regarding locking up chapel clerks "without any supervision."  Subject to and without waiving these objections, Defendant responds she has no information regarding "reasons for locking up the chapel clerks in the chapel without any supervision from 2009-2012" and is unaware of any documents that would relate to such supposed reasons.

*Ruling*:

Plaintiff argues that the interrogatory is not vague or ambiguous, as it is a "fact" that prison officials locked up chapel clerks without restroom access, causing them to have to relieve themselves in a water drain.  ECF No. 110, at 1.  He also argues that this information is relevant to his denial of access claim because it shows that Defendants permitted unsupervised access to the chapel.

As Defendant argues, whether chapel clerks were "locked up" in the chapel is not relevant to Plaintiff's denial of access claim.  Plaintiff argues that it shows that Defendant permitted

unsupervised access to the chapel for other inmates, but locking up chapel clerks is not the same as permitting unsupervised access.

In any event and despite her objections, Defendant Myers provided a substantive response- she indicated that she does not have any responsive information, and is unaware of any responsive documents.

Plaintiff's motion to compel a further response to Interrogatory Number 7 is DENIED.

*Interrogatory Number 10:*

Identify any and all documents relating to any complaint, settlement, grievance, appeal, criticism, censure, reprimand or rebuke directed toward PVSP Warden, Associate Wardens, Officers, Religious Resource Manager Wendy K. Myers, Chaplain D. McGee, Associated Warden R. Fisher Jr., Associate Warden R.H. Trimble, chief of Inmate Appeals D. Foston, Examiner D. Van Leer, Examiner Pimentel prior to or subsequent to the Constitutional violations giving rise to this proceeding from 2008-2013.

*Response:*

Defendant objects to this interrogatory on the grounds that it seeks protected personnel information, that is both confidential and privileged under the official information and federal common law privileges and confidentiality of personnel records of defendants. *Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1991). Responsive documents, if any exist, are also protected from disclosure by the California Constitution and statutes such as Penal Code sections 832.7 and 832.8; Government Code section 6254; Civil Code sections 1798.24 and 1798.40; Evidence Code sections 1043 and 1045. Defendant further objects on the grounds that this information is protected from disclosure by regulation, including but not limited to, California Code of Regulations title 15 sections 3084.9; 3400; 3450; and 3321 and the CDCR DOM section 54100.25.2.

Defendant also objects that this interrogatory is overly broad and unduly burdensome in seeking "any and all documents relating to any complaint, settlement, grievance, appeal criticism, censure, reprimand, or rebuke . . . prior to or subsequent to the Constitutional violations giving rise to this proceeding from 2008-2013. This interrogatory is essentially seeking Defendants' personnel records for an unlimited amount of time "prior to" 2008. Moreover, Defendant objects that this interrogatory assumes disputed facts regarding "constitutional violations" giving rise to this case and is vague and ambiguous and Defendant is uncertain what information Plaintiff is seeking and its relation to any claims or defenses in this lawsuit. Subject to and without waiving these objections and limiting the response to the past 15 years, Defendant responds that [s]he has not been disciplined by the California Department of Corrections and Rehabilitation for misconduct.

3

*Ruling:*

The Court has ruled on this interrogatory in Plaintiff's motion to compel a response from Defendant Pimentel. ECF No. 113, at 3-4. The analysis is equally applicable to Defendant Myers and Plaintiff's motion to compel a further response is DENIED.

*Interrogatory Number 11*

Identify any and all documents relating to inmates that were on C-status from 2009-2013.

*Response:*

Defendant objects to this interrogatory on the grounds that it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. Proc. 26(b)(1). Defendant also objects to this interrogatory to the extent Plaintiff is seeking information regarding other inmates. Such information is confidential and its disclosure would violate other inmates' right to privacy, and its disclosure could jeopardize the safety and security of other inmates, staff, and CDCR institutions and will not be provided. Cal. Code Regs. Tit. 15, § 3321. Subject to and without waiving the foregoing objections, documents generally relating to c-status of inmates are as follows: California Code of Regulations, Title 15, section 3044 (2009-20113).

As a further response, Defendant refers Plaintiff to his Central File, which contains documents pertaining to Plaintiff's discipline and classification, and the following documents previously produced to Plaintiff with Defendants' Initial Disclosures: CDCR Pleasant Valley State Prison Supplement to Department Operations Manual sections 101060.1-101060.11, April 2011 and June 2008, Bates No. CDCR 00573-00611; and Documents pertaining to Plaintiff's c-status and classification from 2009 through 2012 (Bates No. CDCR 00419- 00533; CDCR 00570-00571).

These base stamped documents have already been produced.

*Ruling:*

The Court has ruled on this interrogatory in Plaintiff's motion to compel a response from Defendant Pimentel. ECF No. 113, at 4. The analysis is equally applicable to Defendant Myers and Plaintiff's motion to compel a further response is DENIED.

*Interrogatories Numbers 27-41:*

For Interrogatories 27-41, Plaintiff did not obtain leave of Court prior to serving the additional interrogatories, as required by Federal Rule of Civil Procedure 33(a)(1), and Defendant correctly objects on that basis.

In the Court's October 5, 2015, order on Plaintiff's motion to compel further responses from Defendants, the Court explained that Plaintiff had already served a First Set of Interrogatories on all

4

Defendants. Given Plaintiff's pro se status, the Court was lenient in allowing and reviewing the discovery. He served additional interrogatories on Defendant Pimentel, and the Court again allowed and reviewed the discovery. In each motion, the Court ordered Defendants to respond to at least some of the extra interrogatories.

However, given the amount of discovery he has propounded, Plaintiff was placed on notice that objections to additional interrogatories served without leave of Court would be upheld. ECF No. 112, at 3.

Plaintiff's additional interrogatories have become burdensome to Defendants. Accordingly, Plaintiff's motion to compel a further response to Interrogatory Numbers 27-41 is DENIED.

**ORDER**

For the reasons above, Plaintiff's motion to compel further responses from Defendant Myers is DENIED.

IT IS SO ORDERED.

Dated:   **November 3, 2015**            /s/ Dennis L. Beck
                                  UNITED STATES MAGISTRATE JUDGE