# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MYERS, et al.,<br><br>　　　　　Defendants. | Case No. 1:12-cv-00271-AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S RULE 56(D) MOTION<br><br>(Document 148) |

　　　Plaintiff Andrew A. Cejas ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint for violation of the First Amendment against numerous Defendants.

　　　Defendants' January 11, 2016, motions for summary judgment are pending.

　　　On February 11, 2016, Plaintiff filed a motion requesting that he be permitted to take Defendants' depositions so that he can oppose the motions for summary judgment. Defendants Foston, Pimentel and Van Leer filed an opposition on February 19, 2016. The remaining Defendants joined in the opposition on February 22, 2016. Plaintiff did not file a reply and the motion is therefore ready for decision pursuant to Local Rule 230(l).

///

///

1    Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for
2    specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer
3    considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take
4    discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under
5    Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is
6    some basis for believing that the information actually exists, and demonstrating that the evidence
7    sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc.,
8    574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co.,
9    654 F.3d 852, 867-68 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090,
10   1100-01 (9th Cir. 2006).

11   Plaintiff has made no such showing. Rather, he simply states that after reviewing
12   Defendants' motions, he "realized that Defendants did not attach the entire deposition of Plaintiff
13   leaving facts out of what was said." ECF No. 148, at 2. It is unclear why the lack of Plaintiff's
14   entire deposition in any way relates to his desire to take Defendants' depositions.

15   Plaintiff also states that he needs their depositions to "present facts in [his] opposition . . .
16   which would contradict defendants' evidence." ECF No. 148, at 2. This statement is insufficient to
17   support a request under Rule 56(d). Plaintiff essentially seeks to reopen discovery, which closed in
18   October 2015, with nothing other than vague statement. He has not demonstrated how the evidence
19   sought would prevent summary judgment.

20   The Court also notes that Plaintiff requested an extension of time to oppose the motions for
21   summary judgment on February 16, 2016. He does not reference his request to take Defendants'
22   depositions in the motion, but rather stated that he had limited law library access and the process was
23   slow because he had to handwrite his research. The Court granted his request. Plaintiff filed
24   numerous documents in opposition from February 22, 2016, through February 29, 2016. He
25   includes over 50 pages of argument and over 220 pages of exhibits, and does not appear to indicate
26   that he was unable to oppose the motions in any way.

27   ///
28   ///

1      For these reasons, Plaintiff's motion is DENIED.

3 IT IS SO ORDERED.

4    Dated: __**March 5, 2016**__                 /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE