1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW A. CEJAS,<br><br>        Plaintiff,<br><br>   v.<br><br>MYERS, et al.,<br><br>        Defendants. | Case No. 1:12-cv-00271-AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL COPY OF HIS DEPOSITION TRANSCRIPT<br><br>(Document 139) |

Plaintiff Andrew A. Cejas ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Third Amended Complaint for violation of the First Amendment against numerous Defendants.

Defendants' January 11, 2016, motions for summary judgment are pending.

On January 25, 2016, Plaintiff filed a motion to compel a copy of his deposition transcript. Defendants Foston, Pimentel and Van Leer filed an opposition on January 28, 2016. The remaining Defendants opposed the motion on February 3, 2016. Plaintiff did not file a reply and the motion is therefore ready for decision pursuant to Local Rule 230(l).

## **DISCUSSION**

Plaintiff's motion is brief. He states that he has not received a copy of his October 2015, deposition, and he suggests that he needs a copy to oppose the pending motions for summary

1

1  judgment. He asks the Court to order Defendants to produce a copy of his deposition "with waiver
2  of expense." Plaintiff also asks that a protective order issue to protect "privileged information" that
3  was disclosed during the deposition. ECF No. 139, at 1.

4  *Request for Copy of Deposition Transcript*

5  Federal Rule of Civil Procedure 30(f)(3) provides that upon payment of reasonable charges, a
6  party or deponent may obtain a copy of the deposition transcript. According to Defendants Myers,
7  Trimble, McGee and Fisher, the transcript costs $399.35.

8  Defendants are not required to provide Plaintiff with a copy of his deposition transcript. See
9  Whittenberg v. Roll, 2006 WL 657381 at *5 (E.D.Cal. 2006) (denying plaintiff's motion to compel
10 defendant to provide him with a copy of the deposition transcript free of charge). Plaintiff must
11 obtain it from the officer before whom the deposition was taken. See Claiborne v. Battery, 2009 WL
12 530352 at *3 (E.D.Cal. 2009) (denying plaintiff's request for a court order directing the defendant to
13 provide him with a copy of his deposition transcript); Brown v. Castillo, 2006 WL 1408452 at *1
14 (E.D.Cal. 2006) (same).

15 Nor can the Court provide Plaintiff with a copy of the transcript without charge. Although
16 the Court granted Plaintiff leave to proceed in forma pauperis, "'the expenditure of public funds [on
17 behalf of an indigent litigant] is proper only when authorized by Congress.'" Tedder v. Odel, 890
18 F.2d 210, 211 (9th Cir.1989) (quoting United States v. MacCollom, 426 U.S. 317, 321, 96 S.Ct.
19 2086, 48 L.Ed.2d 666 (1976). The expenditure of public funds for deposition transcripts is not
20 authorized by the in forma pauperis statute or any other statute. See 28 U.S.C. § 1915.

21 Finally, to the extent that Plaintiff suggests that he needs a copy of the transcript to oppose
22 summary judgment, his request fails under Federal Rule of Civil Procedure 56(d). Plaintiff has not
23 shown any specific reasons as to why he cannot properly oppose the motion. More importantly,
24 Plaintiff is not requesting something of which he has no knowledge. Certainly, Plaintiff was present
25 as *his own deposition* and is familiar with his own testimony. The Court also notes that Defendants
26 have attached the pertinent pages of Plaintiff's deposition to their motion for summary judgment.
27 ///
28 ///

*Request for Protective Order*

"It is well-established that [under the Federal Rules of Civil Procedure,] the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." San Jose Mercury News, Inc. v. United States District Court-Northern District, 187 F.3d 1096, 1103 (9th Cir.1999).  Federal Rule of Civil Procedure 26(c), which governs the granting of a protective order, "authorizes a district court to override this presumption where 'good cause' is shown." San Jose Mercury News, 187 F.3d at 1103.  Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance.  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir.2002).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.1992).

Plaintiff's bare assertion that "privileged information was asked" as his deposition falls far short of the required showing to support a request for a protective order.  ECF No. 139, at 1.

**ORDER**

Based on the above, Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

Dated:   **March 5, 2016**              /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE